James C. Bastian, Jr. – Bar No. 175415
Rika M. Kido – Bar No. 273780
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: jbastian@shbllp.com;
rkido@shbllp.com

Attorneys for Lynda T. Bui,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br><br>**JAMES ANDREW GONZALES** and **ESTELA ORTEGA GONZALES,**<br><br>Debtor(s). | Case No. 6:15-bk-13359-SY<br><br>Chapter 7<br><br>Adv. Case No.<br><br>**COMPLAINT FOR:** |
| **LYNDA T. BUI, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of James Andrew Gonzales and Estela Ortega Gonzales,**<br><br>Plaintiff,<br><br>vs.,<br><br>**JANELLE A. GONZALES, an individual**<br><br>Defendant(s). | 1. **AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550; CAL. CIV. CODE §§ 3439.04, 3439.07];**<br><br>2. **AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550; CAL. CIV. CODE §§3439.04, 3439.05, 3439.07];**<br><br>3. **AVOIDANCE OF PREFERENTIAL TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 547, 550];**<br><br>4. **PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551]; and**<br><br>5. **DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)]** |

1

Lynda T. Bui, solely in her capacity as the duly appointed and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of James Andrew Gonzales and Estela Ortega Gonzales ("Debtors") hereby brings this Complaint and respectfully complains and alleges as follows:

## I. STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property).

2. Plaintiff, as Trustee for the Debtors' Estate, has standing to bring this action under 11 U.S.C. §§ 323, 544, 547, 548, and 550.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Debtors' bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Riverside Division entitled *In re James Andrew Gonzales and Estela Ortega Gonzales*, Case No. 6:15-bk-13359-SY on the Court's docket.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), (b)(2)(F) (proceeding to determine, avoid and/or recover preferences), and (b)(2)(H) (proceeding to determine, avoid or recover fraudulent conveyances). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $18,675.00.

6. To the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA  92618

1

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Janelle Gonzales\Complaint 001.doc
4979-000/86

## II. PARTIES

7. Plaintiff is the duly appointed, qualifying, and acting Chapter 7 Trustee for the Debtors' Estate, and brings the claims asserted herein in that capacity.

8. Plaintiff is informed and believes and thereon alleges that the Defendant, Janelle A. Gonzales ("Defendant") is an individual residing in the County of Tulare, State of California.

## III. GENERAL ALLEGATIONS

9. The Debtors filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on April 3, 2015 ("Petition Date").

10. On April 30, 2015, the United States Trustee ("UST") filed a Motion on shortened time seeking the dismissal or conversion of the Debtors' case on the grounds that the Debtors failed to provide evidence of insurance coverage on their real properties and failed to provide compliance information to the UST.

11. Following a hearing held on May 21, 2105, the Court granted the UST's motion and entered an order directing the appointment of a Chapter 11 trustee. As such, the Plaintiff was appointed the Chapter 11 trustee pursuant to an Order entered May 27, 2015. The Trustee's appointment was approved by the Court pursuant to an Order entered June 4, 2015.

12. On July 9, 2015, the Plaintiff filed her Motion for Order Converting Case to Chapter 7 ("Motion to Convert"). On August 10, 2015, an order was entered by the Court approving the Motion to Convert and the underlying bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code.

13. On August 10, 2015, the UST appointed the Plaintiff as the duly appointed and acting Chapter 7 trustee of the Debtors' Estate.

14. On their Statement of Financial Affairs, Question Number 10, the Debtors state, under penalty of perjury, that there was no property transferred either absolutely or as security within two years immediately preceding the commencement of this case.

15. Plaintiff is informed and believes that the Defendant is the daughter of the Debtors.

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Janelle Gonzales\Complaint 001.doc
4979-000/86

**Prop. No. 15 – 845 Adams Avenue, El Centro**

16. Plaintiff is informed and believes that prior to December 3, 2014, the Debtor, James Gonzales, held title, as a married man, to the real property located at 845 W. Adams, El Centro, CA 92243, APN: 053-024-009-000 ("Adams Property").

17. Plaintiff is informed and believes that on December 3, 2014, the Debtor, James Gonzales, transferred a one-third (1/3) joint tenancy interest to the Defendant in the Adams Property for no consideration ("Adams Transfer").

**Prop. No. 19 – 975 W. Heil Avenue, El Centro**

18. Plaintiff is informed and believes that prior to December 3, 2014, the Debtors held title, as joint tenants, to the real property located at 875 W. Heil Avenue, El Centro, CA 92243, APN: 053-334-003 ("Heil Property").

19. Plaintiff is informed and believes that on December 3, 2014, the Debtors transferred a twenty-five percent (25%) joint tenancy interest to the Defendant in the Heil Property for no consideration ("Heil Transfer").

**Prop. No. 29 – 814 and 818 Imperial Avenue, Calexico**

20. Plaintiff is informed and believes that as of November 17, 2014, the Debtor, James Gonzales, as a married man, held title as to a one-third (1/3) interest in the real property located at 814 and 818 S. Imperial Avenue, Calexico, CA 92231 ("Imperial Property," collectively with the Adams Property and the Heil Property, the "Properties").

21. Plaintiff is informed and believes that on April 2, 2015, the Debtor transferred his one-third (1/3) joint tenancy interest to the Defendant in the Imperial Property for no consideration ("Imperial Transfer," collectively with the Adams Transfer and the Heil Transfer, the "Transfers").

///

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Janelle Gonzales\Complaint 001.doc
4979-000/86

# FIRST CLAIM FOR RELIEF

**Avoidance and Recovery of Intentional Fraudulent Transfers**

**[11 U.S.C. §544, 548, 550; Cal. Civ. Code §3439.04, 3439.07]**

22. Plaintiff hereby incorporates by reference paragraphs 1 through 21 and realleges these paragraphs as though set forth in full.

23. The Transfers as alleged above are of the Debtors' property. Plaintiff specifically reserves the right to amend this Complaint to allege additional transfers which may become known after further investigation and discovery.

24. The Transfers were made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

25. The Transfers were made with the intent to hinder, delay or defraud the Debtors' creditors.

26. The Transfers were for no consideration or for less than reasonably equivalent value.

27. The Transfers were to or for the benefit of an insider of the Debtors.

28. The Debtors concealed assets, namely the Properties, through the Transfers.

29. The Transfers were made at a time when the Debtors were insolvent and/or rendered insolvent by virtue of said Transfers.

30. The Transfers occurred shortly after a substantial debt was incurred.

31. On their Statement of Financial Affairs, Question Number 10, the Debtors state, under penalty of perjury, that there was no property transferred either absolutely or as security within two (2) years immediately preceding the commencement of this case.

32. Based on the foregoing, Plaintiff may avoid the Transfers and recover the equivalent value of the Transfers for the Estate, from the Defendant, whose benefit the Transfers were made pursuant to 11 U.S.C. §§ 544, 548 and 550, and California Civil Code §§ 3439.04 and 3439.07.

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Janelle Gonzales\Complaint 001.doc
4979-000/86

## SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfers**

**[11 U.S.C. §544, 548, 550; Cal. Civ. Code §3439.04, 3439.05, 3439.07]**

33. Plaintiff hereby incorporates by reference paragraphs 1 through 21 and realleges these paragraphs as though set forth in full.

34. Plaintiff is informed and believes, and based thereon alleges, that the Debtor had creditors at the time of the DOT Transfers and Property Transfers that remain unpaid as of the Petition Date.

35. Plaintiff is informed and believes and based thereon alleges that the Transfers were made on or within four (4) years of the Petition Date, but in no event no longer than seven (7) years prior to the Petition Date.

36. Plaintiff is informed and believes and based thereon alleges that the Transfers were made:

    (a) For less than reasonably equivalent value, or any value, in exchange for said Transfers; and

    (b) The Debtor was insolvent on the date of said Transfers or became insolvent as a result of the Transfers; or

    (c) The Debtors intended to incur or believed (or reasonably should have believed), that they would incur debts beyond the Debtors' ability to pay such debts as they became due.

37. Based upon the foregoing, Plaintiff may avoid the Transfers and recover the equivalent value of the Transfers for the benefit of the Estate from the Defendant, whose benefit the Transfers were made pursuant to 11 U.S.C. §§ 544, 548 and 550, and California Civil Code §§ 3439.04 and 3439.07.

///

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Janelle Gonzales\Complaint 001.doc
4979-000/86

## THIRD CLAIM FOR RELIEF

**Avoidance and Recovery of Preferential Transfers**

**[11 U.S.C. §§ 547, 550]**

38. Plaintiff hereby incorporates by reference paragraphs 1 through 21 and realleges these paragraphs as though set forth in full.

39. The Transfers as alleged above are of the Debtors' property. Plaintiff specifically reserves the right to amend this Complaint to allege additional transfers which may become known after further investigation and discovery.

40. On or within one (1) year of the Petition Date, the Debtors, directly made the Transfers to or for the benefit of the Defendant.

41. Plaintiff is informed and believes and based thereon alleges that the Defendant is an "insider" as that term is defined in 11 U.S.C. § 101(31).

42. Plaintiff is informed and believes and based thereon alleges that the Transfers were made to or for the benefit of the Defendant.

43. The Transfers were for or on account of an alleged antecedent debt owed by the Debtors to the Defendant.

44. At the time of the Transfers, the Debtors were insolvent.

45. The Transfers enabled the Defendant to receive more than she would have received as a creditor if: (a) the Transfers had not been made; and (2) the Defendant received payment of the debt she was owed to the extent provided under Title 11 of the United States Code.

46. Based on the foregoing, Plaintiff may avoid the Transfers and recover the equivalent value of said Transfers for the benefit of the Estate from the Defendant, whose benefit the Transfers were made pursuant to 11 U.S.C. §§ 547 and 550.

///

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA  92618

6

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Janelle Gonzales\Complaint 001.doc
4979-000/86

## FIFTH CLAIM FOR RELIEF

**Preservation of Avoided Transfers**

**[11 U.S.C. § 551]**

47. Plaintiff hereby incorporates by reference paragraphs 1 through 21 and realleges these paragraphs as though set forth in full.

48. Plaintiff is informed and believes that the Defendant received avoidable transfers.

49. Pursuant to 11 U.S.C. § 551, the Transfers are preserved for the benefit of the Estate.

## SIXTH CLAIM FOR RELIEF

**Disallowance of Claims by Defendant**

**[11 U.S.C. §502(d)]**

50. Plaintiff hereby incorporates by reference paragraphs 1 through 21 and realleges these paragraphs as though set forth in full.

51. Defendant is an entity from which property is recoverable under 11 U.S.C. §550 and Defendant received an avoidable transfer under 11 U.S.C. §§ 547 and 548.

52. Defendant has not paid the amount or turned over any such property for which Defendant is liable under 11 U.S.C. §522(i), 542, 543, 550, 553 of the Bankruptcy Code.

53. Pursuant to 11 U.S.C. §502(d), to the extent Defendant files a claim against the Debtors' Estate, such claim should be disallowed.

**WHEREFORE**, Plaintiff prays that this Court enter judgment as follows:

1. For judgment avoiding the Transfers, and declaring that said Transfers be annulled and rendered void as fraudulent transfers, and for an order recovering the Transfers for the benefit of the Estate or the value of said Transfers for the benefit of the Estate, together with interest thereon at the legal rate from the date of the Transfers;

2. For judgment avoiding the Transfers, and declaring that said Transfers be annulled and rendered void as preferential transfers, and for an order recovering the Transfers for the benefit of the Estate or the value of said Transfers for the benefit of the Estate, together with interest thereon at the legal rate from the date of the Transfers;

**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Janelle Gonzales\Complaint 001.doc
4979-000/86

3.  That the Transfers are avoided and shall be preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

4.  That if Defendant fails or refuses to turn over the Transfers and/or the value of the Transfers to Plaintiff, any claim of the Defendant shall be disallowed;

5.  For costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

6.  For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN HODGES & BASTIAN LLP**

Dated: November 6, 2015         */s/ Rika M. Kido*
James C. Bastian, Jr.
Rika M. Kido
Attorneys for Lynda T. Bui, Chapter 7 Trustee

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA  92618

8

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Janelle Gonzales\Complaint 001.doc
4979-000/86

FORM B104 (08/07)                                                                                                  2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>LYNDA T. BUI, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of James Andrew Gonzales and Estela Ortega Gonzales, | **DEFENDANTS**<br>JANELLE A. GONZALES, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Shulman Hodges & Bastian LLP<br>100 Spectrum Center Drive, Suite 600, Irvine, CA 92618<br>T: 949-340-3400; F: 949-340-3000 | **ATTORNEYS** (If Known)<br>Unknown |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for: 1) Avoidance of Intentional Fraudulent Transfers and Recovery of Same [11 U.S.C. §§ 544, 548, 550; Cal. Civ. Code §§ 3439.04, 3439.07]; 2) Avoidance of Constructive Fraudulent Transfers and Recovery of Same [11 U.S.C. §§ 544, 548, 550; Cal. Civ. Code §§3439.04, 3439.05, 3439.07]; 3) Avoidance of Preferential Transfers and Recovery of Same [11 U.S.C. §§ 547, 550]; 4) Preservation of Avoided Transfers [11 U.S.C. § 551]; and 5) Disallowance of Claims [11 U.S.C. § 502(D)]

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ [2] 12-Recovery of money/property - §547 preference
☒ [1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| **NAME OF DEBTOR** <br> JAMES ANDREW GONZALES and ESTELA ORTEGA GONZALES | **BANKRUPTCY CASE NO.** <br> 6:15-bk-13359-SY | |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> Riverside | **NAME OF JUDGE** <br> Honorable Scott H. Yun |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> /s/ Rika M. Kido | | |
| **DATE** <br> 11/6/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Rika M. Kido, Esq. <br> Counsel for Lynda T. Bui, Chapter 7 Trustee | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.